UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| IVAN GUERRERO-MELCHOR, | ) | Case No. C07-853-RAJ-JPD |
| Plaintiff, | ) | |
| v. | ) | |
| STEPHAN ARULAID, et al., | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

Plaintiff Ivan Guerrero-Melchor, a former state inmate, is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights suit against Seattle Police Officers Stephan Arulaid, P.J. Fox, and Zolt Dornay. Dkt. Nos. 8, 12.[1] Plaintiff's second amended complaint alleges excessive force on the part of the defendants occurring during an arrest on January 27, 2004. *See* Dkt. No. 16. The present matter comes before the Court on the defendants' Motion to Dismiss, filed on November 21, 2007. Dkt. No. 19. Plaintiff failed to file a brief opposing this motion, as noted by the defendants' reply. Dkt. No. 23. Pursuant to Local Rule CR 7(b)(2), this failure amounts to an admission that the motion has merit.[2]

---

[1] It appears that defendant Arulaid's name had been previously misspelled in the caption of this case. The Court hereby corrects that spelling, and directs the Clerk of Court to amend the caption to conform thereto.

[2] Two weeks after the noting date of defendants' motion to dismiss, plaintiff sought an extension of time in which to file a response to the defendants' motion. *See* Dkt. No. 24.

REPORT AND RECOMMENDATION
PAGE – 1

After careful consideration of the motion, the governing law and the balance of the record, the Court recommends that defendants' Motion to Dismiss be GRANTED, and plaintiff's Second Amended Complaint be DISMISSED with prejudice.

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiff Second Amended Complaint alleges that on January 27, 2004, he was arrested by the above-named defendants of the "Bicycle Patrol of Seattle" and, on that same day, was violently assaulted "at the arrest [site]" and "the police precinct." Dkt. No. 16 at 3. Importantly, plaintiff notes that he was released "3 days later," on January 30, 2004. Dkt. No. 16 at 3. Plaintiff contends that the assaults resulted in serious bodily injury, for which he seeks unspecified amounts of injunctive and monetary relief. Dkt. No. 16 at 4.

This lawsuit was initiated in Arizona. On May 1, 2007, plaintiff filed a complaint in the United States District Court for the District of Arizona, naming only the Seattle Police Department as a defendant. *See* Dkt. No. 1-3. On May 15, 2007, that court determined that venue was improper in the District of Arizona, and transferred the action to the Western District of Washington pursuant to 28 U.S.C. 1406(a). Dkt. No. 1.

On July 16, 2007, plaintiff corrected the deficiencies in his application to proceed *in forma pauperis* ("IFP"), making his proposed complaint ripe for review. Dkt. No. 10. Four days later, this Court granted plaintiff's amended IFP application, see Dkt. No. 11, but declined to serve the lodged complaint due to several specified deficiencies. Dkt. No. 13. This same process was repeated over one month later and, on October 23, 2007, the Court directed service of plaintiff's Second Amended Complaint. *See* Dkt. No. 17.

## III.  DISCUSSION

A.  <u>Fed. R. Civ. P. 12(b)(6)</u>

A federal district court may dismiss a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d

1135, 1138 (9th Cir. 2003). In doing so, the district court must accept all factual allegations in the complaint as true and must liberally construe those allegations in a light most favorable to the non-moving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Conclusory allegations will not be similarly treated, nor will arguments that extend far beyond the allegations contained in the complaint. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). The district court should not weigh the evidence, ponder factual nuances, or determine which party will ultimately prevail; rather, the issue is whether the facts alleged in the plaintiff's well-pleaded complaint, accepted as true, are sufficient to state a claim upon which relief can be granted. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

### B. Plaintiff's Complaint Is Barred by the Statute of Limitations

If a claim is barred by an applicable statute of limitations, dismissal pursuant to Rule 12(b)(6) is appropriate. *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000). Such an attack, brought as a 12(b)(6) motion, often involves a nimble interplay of state and federal law.

Because § 1983 contains no specific statute of limitations, this Court must borrow the forum state's statute of limitations for personal injury actions. *Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir. 2001). State law also governs tolling of the statute of limitations to the extent the such rules are not inconsistent with federal law. *Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Morales*, 214 F.3d at 1155. However, federal courts apply Fed. R. Civ. P. 3 in order to determine when a § 1983 action is "commenced" for tolling purposes. *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002).[3] Pursuant to Rule 3, an action is commenced when the complaint is filed with a district court. *Id.*

In Washington, claims of assault are generally governed by a two-year statute of limitations. *See* R.C.W. § 4.16.100(1) (assault, assault and battery, or false imprisonment);

---

[3] The Ninth Circuit has also recently explained that "that federal procedural rules thereafter govern the action, at least when there is a federal rule to apply." *S.J. v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1289 (9th Cir. 2006).

REPORT AND RECOMMENDATION
PAGE – 3

01 *Manning v. Washington*, 463 F. Supp. 2d 1229, 1234 (W.D. Wash. 2006).  However, the

02 United State Supreme Court has held that, in considering § 1983 claims, courts should borrow

03 the forum state's general or residual statute of limitations for personal injury actions.  *Owens v.*

04 *Okure*, 488 U.S. 235, 250 (1989); *see also City of Rancho Palos Verdes v. Abrams*, 544 U.S.

05 113, 123-24 & n.5 (2005).  "In Washington, that would be three years."  *Joshua v. Newell*,

06 871 F.2d 884, 886 (9th Cir. 1989) (citing R.C.W. § 4.16.080(2)).  Accordingly, the applicable

07 limitations period in this case expired three years from the date plaintiff's cause of action

08 "accrued."  R.C.W. § 4.16.080(2); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th

09 Cir. 1991).

10       Although state law determines the length of the limitations period, federal law

11 determines when the claim accrues.  *Western Ctr. for Journalism v. Cederquist*, 235 F.3d

12 1153, 1156 (9th Cir. 2000).   Under federal law, a cause of action accrues and the limitations

13 period commences "when the plaintiff knows or has reason to know of the injury which is the

14 basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  In *Wallace v.*

15 *Kato*, the Supreme Court restated this general rule by explaining that accrual occurs "when the

16 plaintiff has 'a complete and present cause of action" which, in most personal injury torts,

17 occurs "as soon as the allegedly wrongful [conduct] occurred."  *Wallace v. Kato*, 590 U.S.

18 ___, 127 S. Ct. 1091, 1095 (2007).

19       Here, plaintiff's Second Amended Complaint alleges that the wrongful conduct

20 occurred on January 27, 2004.  Dkt. No. 16 at 3.  Accordingly, his § 1983 action for excessive

21 force accrued via federal law on January 27, 2004, and expired under state law on January 27,

22 2007.  *See* R.C.W. § 4.16.080(2), *and TwoRivers*, 174 F.3d at 991.  However, even plaintiff's

23 *initial* complaint, lodged in the District of Arizona, was filed on May 1, 2007—over three

24 months beyond the limitations period imposed by R.C.W. § 4.16.080(2).  *See* Dkt. No. 1-3.[4]

25 ―――――――――――

26    [4] To benefit from the May 1, 2007 date, the Court would need to find that plaintiff's amendment "relates back" to the original (District of Arizona) complaint per Fed. R. Civ. P. 15(c) and governing case law.  *See Schiavone v. Fortune*, 477 U.S. 21, 29 (1986).  However,

REPORT AND RECOMMENDATION
PAGE – 4

Accordingly, plaintiff's Second Amended Complaint is time-barred, unless the statute of limitations was tolled.

### C. Statutory or Equitable Tolling Does Not Save Plaintiff's Complaint

A district court may grant a 12(b)(6) motion to dismiss on statute of limitations grounds "'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (quoting *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)). Plaintiff has failed to allege, much less establish, a basis for statutory tolling under the two applicable state law provisions, R.C.W. §§ 4.16.170 and 4.16.190.

The first tolling provision, R.C.W. § 4.16.070, requires either the filing or service of the complaint, so long as service (if previously filed) or filing (if previously served) is accomplished within 90 days from the date of filing or service. *Id.* "If following service, the complaint is not so filed, or following filing, service is not so made," the action is treated as if it had not been properly commenced, and the court loses jurisdiction. *Id.*; *Martin v. Triol*, 121 Wn.2d 135, 149, 847 P.2d 471, 478 (1993); *Adkinson v. Digby, Inc.*, 99 Wn.2d 206, 208, 660 P.2d 756, 757 (1983); *O'Neill v. Farmers Ins. Co.*, 124 Wn.App. 516, 523, 125 P.3d 134, 137 (Wash. Ct. App. 2004). In the present case, because the earliest possible date of filing came three months *after* expiration of the applicable limitations period, § 4.16.170 is likely inapplicable. Furthermore, service of process was not accomplished within 90 or 120 days from the (earliest possible) filing date of May 1, 2007. For that reason, neither R.C.W. § 4.16.170 nor Federal Rule of Civil Procedure 4(m) can save plaintiff's Second Amended Complaint. *Cf. Issaquah School Dist. No. 411*, 470 F.3d at 1289 (using Rule 4(m)'s 120-day

---

even assuming that plaintiff's Second Amended Complaint relates back, it would still be time-barred by operation of R.C.W. § 4.16.080.

REPORT AND RECOMMENDATION
PAGE – 5

01 period for service in a case arising under federal law).[5]

02 The second possible tolling provision, R.C.W. § 4.16.190(1), applies as a personal
03 disability based on a plaintiff's present incarceration. This provision "tolls the statute of
04 limitations while a person is 'imprisoned on a criminal charge[,]' but only 'prior to
05 sentencing.'" *Gausvik v. Perez*, 239 F. Supp. 2d 1108, 1122 (E.D. Wash. 2002) (quoting
06 R.C.W. § 4.16.190(1), and noting that the prior version of this statute did not include the
07 terms "prior to sentencing"), *rev'd in part on other grounds*, 345 F.3d 813 (9th Cir. 2003).
08 By its plain terms, this provision does not save his Second Amended Complaint. At the time
09 plaintiff's cause of action accrued—January 27, 2004—he was not "imprisoned on a criminal
10 charge prior to sentencing." R.C.W. § 4.16.190(1). Furthermore, even if the Court were to
11 consider plaintiff's booking as "imprisonment on a criminal charge prior to sentencing," his
12 Second Amended Complaint admits that he was released from jail three days later, on January
13 30, 2004. *See* Dkt. No. 16 at 3. As a result, the tolling provision of R.C.W. § 4.16.190(1)
14 would apply to those three days and plaintiff's cause of action would have expired on January
15 30, 2007, more than three months prior to the earliest possible filing date this Court could
16 adopt (May 1, 2007). Plaintiff's claim would still be time-barred.

17 Third and finally, plaintiff has failed to allege, and the Court does not find, a basis for
18 equitable tolling in this case. *See Millay v. Cam*, 135 Wn.2d 193, 206, 955 P.2d 791, 797
19 (1998) ("The predicates for equitable tolling are bad faith, deception, or false assurances by the
20 defendant and the exercise of diligence by the plaintiff.").

21 <center>IV.  CONCLUSION</center>

22 Under both Washington and federal law, plaintiff was not permitted to sit on the §
23 1983 excessive force claim outlined in his Second Amended Complaint for more than three

---

25 [5] It should be added that plaintiff has failed to even contend that he complied with
26 R.C.W. § 4.16.070 by serving any defendant within 90 days of filing the original complaint or otherwise commencing his lawsuit against defendants within the time allotted by the Washington tolling statutes or the Federal Rules of Civil Procedure.

years after the date of the alleged wrongful conduct.  Because he did so, and because his untimeliness cannot be saved by any statutory or equitable tolling, the Court recommends that defendants' Motion to Dismiss (Dkt. No. 19) be GRANTED and plaintiff's Second Amended Complaint (Dkt. No. 16) be DISMISSED with prejudice.  As a result, plaintiff's belated motion for an extension of time (Dkt. No. 24) is DENIED.  A proposed order accompanies this Report and Recommendation.

Dated this 7th day of January, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 7